IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MONICA MILLER,

Plaintiff,

v.

CALIBER AUTO TRANSFER OF
ST. LOUIS, INC., CALIBER
MANAGEMENT, INC., CALIBER
AUTO TRANSFER COMPANIES,
unincorporated entity acting as a
partner, CALIBER AUTO TRANSFER, INC.,
and SCOTT DAVENPORT,

Defendant.                                                  No. 09-563-DRH

## MEMORANDUM AND ORDER

HERNDON, Chief Judge:

### I. Introduction

This matter comes before the Court for case management. Upon review of both the Notice of Removal (Doc. 2) and the allegations of Plaintiff's Complaint (Doc. 2, Ex. 1), the Court finds that it must raise the issue, *sua sponte*, of whether it has subject matter jurisdiction over this case. ***See Wisconsin Knife Works v. National Metal Crafters***, 781 F.2d 1280, 1282 (7th Cir. 1986) ("The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged."); ***McCready v. White***, 417 F.3d 700, 702 (7th Cir. 2005) ("Ensuring the existence of subject matter jurisdiction is the court's

**first duty in every lawsuit.")**. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." ***Ex parte McCardle*, 7 Wall. 506, 514, 19 L. Ed. 264 (1868);** ***Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 94 (1998)**. In fact, federal courts are "obliged to police the statutory and constitutional limitations on their jurisdiction" and should raise and consider jurisdictional issues regardless of whether the matter is ever addressed by the parties to the suit. ***See Kreuger v. Cartwright*, 996 F.2d 928, 930-31 (7th Cir. 1993);** ***Kanzelberger v. Kanzelberger*, 782 F.2d 774, 777 (7th Cir. 1986)**. Moreover, the party invoking federal jurisdiction bears the burden of demonstrating that the jurisdictional requirements have been met. ***Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997)**.

II. <u>Background</u>

Plaintiff Monica Miller brings this action against Defendants Caliber Auto Transfer of St. Louis, Inc., Caliber Management, Inc., Caliber Auto Transfer Companies, Caliber Auto Transfer, Inc., and Scott Davenport in connection with the termination of Plaintiff's employment as a vehicle loader by Defendants. Plaintiff's complaint asserts claims for breach of contract, fraud, willful and wanton conduct, negligence, and violation of the **Illinois Prevailing Wage Act**, **820 ILCS 130/0.01**

**et seq**. Plaintiff specifically argues that Defendants laid off her and her co-workers for the false reason that they had no work for her to do, when the real reason for the dismissal was so that Defendants could replace Plaintiff and her co-workers with cheaper labor. Plaintiff also argues she was hired and employed as a union laborer entitled to the protection of a collective bargaining agreement between Defendants and United Iron Workers Local 396, when in fact Defendants had failed to pay union dues and Plaintiff was, therefore, deprived of union representation. Plaintiff further argues that Defendants falsely represented that Plaintiff and her co-workers had voluntarily left their employment or engaged in misconduct which deprived Plaintiff of unemployment benefits. This case was filed originally in the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois. On July 24, 2009, Defendants removed this case to this Court pursuant to **28 U.S.C. § 1331** and **28 U.S.C. § 1441**.

### III. <u>Analysis</u>

**A. Removal Standard**

A defendant may remove a case only if a federal district court would have original jurisdiction over the action. ***See* 28 U.S.C. § 1441**; ***Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)**. Statutes providing for removal are construed narrowly, and doubts about removal are resolved in favor of remand. ***Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)**. The burden of

establishing jurisdiction in the federal courts falls on the party seeking removal. ***Id.***

In general, district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." **28 U.S.C. § 1331.** The usual test of whether an action arises under federal law for purposes of Section 1331 is the "well-pleaded complaint" rule, which provides generally that a case arises under federal law within the meaning of the statute only when federal law appears on the face of a plaintiff's complaint. ***See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Vorhees v. Naper Aero Club, Inc.*, 272 F.3d 398, 402 (7th Cir. 2001); *Fuller v. BNSF Ry. Co.*, 472 F. Supp. 2d 1088, 1091 (S.D. Ill. 2007)**. In other words, "a claim 'arises under' the law that creates the cause of action." ***Bennett v. Southwest Airlines Co.*, 484 F.3d 907, 909 (7th Cir. 2007) (citing *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257 (1916))**. In a limited class of cases, however, an action may arise under federal law within the meaning of Section 1331, even if the complaint in the case asserts no claim for relief under federal law, where state law is "completely preempted" by federal law. Complete preemption occurs when "the preemptive force of a [federal] statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" ***Kuntz v. Illinois Cent. R.R. Co.*, 469 F. Supp. 2d 586 590 (S.D. Ill. 2007) (quoting *Nelson v. Stewart*, 422 F.3d 463, 466-67 (7th Cir. 2005))**. "Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state

law is considered, from its inception, a federal claim, and therefore arises under federal law. In such situations, the federal statute . . . not only preempt[s] state law but also authorize[s] removal of actions that sought relief only under state law." ***Id.* (citation omitted)**.

One of the narrow class of federal statutes that completely preempts state law so as to permit removal of state-law claims to federal court in federal question jurisdiction is the Labor Management Relations Act. ***See Avco Corp. v. Aero Lodge No. 735 Int'l Ass'n of Machinists & Aerospace Workers*, 390 U.S. 557, 559-60 (1968)**. Section 301 of the Labor Management Relations Act (also known as the Taft-Hartley Act), 29 U.S.C. § 185(a), mandates federal adjudication of all claims - including those ostensibly grounded in state law - that requires substantial interpretation of a collective bargaining agreement for resolution. ***See, e.g., Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (1985) (holding that Section 301 completely preempts any state-law "tort claim… inextricably intertwined with consideration of the terms of [a] labor contract"); *Local 174, Teamsters, Chauffeurs, Warehousemen & Helpers of Am. v. Lucas Flour Co.*, 369 U.S. 95, 104 (1962) (recognizing the complete preemptive effect of Section 301); *Smith v. Colgate-Palmolive Co.*, 943 F.2d 764, 768 (7th Cir. 1991) (citing *Luek*, 471 U.S. at 213) (Section 301 completely preempts state-law claims in both contract and tort "so long as the claim is one in which 'state law purports to define the meaning of the contract relationship'" under a collective**

bargaining agreement(citation omitted)). The rationale behind complete preemption under Section 301 is that uniform federal interpretation of the terms of collective bargaining agreements will "promote the peaceable, consistent resolution of labor-management disputes." *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 404 (1988). *See also United States v. Palumbo Bros., Inc.*, 145 F.3d 850, 864 (7th Cir. 1998) (citing *Textile Workers Union of Am. v. Lincoln Mills of Ala.*, 353 U.S. 448, 501 (1957) (noting that Section 301, by authorizing federal courts to fashion a body of federal law with respect to the enforcement of collective bargaining agreements, "ensure uniform interpretation of such labor contracts and promotes peaceable resolution of legitimate labor disputes.")). Complete preemption does not mean that a plaintiff is without a remedy; it simply means that the remedy must be sought in federal court under federal law. *See Graf v. Elgin, Joliet & E. Ry. Co.*, 790 F.2d 1341, 1346 (7th Cir. 1986) (stating that where a "worker is covered by a collective bargaining contract and therefore has a potential federal remedy, judicial or arbitrable...that remedy is exclusive; the worker has no state remedies."). *See also Rogers v. Tyson Foods, Inc.*, 308 F.3d 785, 789 (7th Cir. 2002) (holding that the existence of a remedy under federal law is an indispensable prerequisite of complete preemption).

B. Discussion

      Defendants removed this case to this Court, alleging in its notice of

removal that this Court has original jurisdiction over Plaintiff's claims because Plaintiff's common law claims are completely preempted by the Labor Management Relations Act. Defendants assert that Plaintiff's causes of action arises out of the wages, benefits, terms and conditions of employment provided under the collective bargaining agreement between Caliber-St. Louis and the United Iron Workers[1] and is thus completely preempted.

While Defendants assert that this Court has original jurisdiction over Plaintiff's claims because they are preempted by the Labor Management Relations Act, not every dispute concerning employment or involving a collective-bargaining agreement is pre-empted by Section 301 of the Labor Management Relations Act. **See Lueck**, **471 U.S. 202, 211 (1985)**. In *Luek*, an employee brought a state-law tort claim for bad faith handling of disability benefit payments due under a collective bargaining agreement. The Court found that the claim was preempted. The Court held that "when resolution of a state-law claim is substantially dependent upon analysis of the terms of [a collective bargaining] agreement…, that claim must either be treated as a [Section] 301 claim…or dismissed as pre-empted by federal labor-contract law." ***Id*. at 220 (citation omitted)**. However, the Court narrowed its holding, finding that not all disputes were pre-empted by Section 301. The Court specifically stated that it did not "hold that every state-law suit asserting a right that

---

[1] Plaintiff's complaint asserts that the local Union, representing the employees, was the United Iron Workers, Local 396. Defendants assert in its notice of removal that the local Union is the United Iron Workers, Local 518.

relates in some way to a provision in a collective-bargaining agreement, or more generally to the parties to such an agreement, necessarily is pre-empted by [Section] 301." ***Id.* at 220.** Rather, "[t]he full scope of the pre-emptive effect of federal labor-contract law remains to be fleshed out on a case-by -case basis." ***Id.***

The Court further fleshed out the scope of complete preemption under Section 301 in ***Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)**. In that case the Court unanimously held that the state-law claims raised by the employees were not completely preempted by Section 301 because the statute controls only "[1] claims founded directly on rights created by collective-bargaining agreements, and ...[2] claims 'substantially dependent on analysis of a collective-bargaining agreement.'" ***Id.* at 394 (quoting *International Bhd. of Elec. Workers, AFL-CIO v. Hechler*, 481 U.S. 851, 859 n.3 (1987))**. In that case, the Court found that preexisting oral contracts with the employers were not abrogated by a collective bargaining agreement that existed at the time of the layoff. The Court found that "a plaintiff covered by a collective-bargaining agreement is permitted to assert legal rights independent of that agreement, including state-law contract rights, so long as the contract relied upon is not a collective-bargaining agreement." ***Id.***

In this case, it does not appear that Plaintiff is directly challenging a collective bargaining agreement. Instead, the alleged misrepresentations raised by Plaintiff in her complaint appear to be independent of the terms of any collective

bargaining agreement.[2] ***See Caterpillar*, 482 U.S. at 396 ("[A] plaintiff covered by a collective-bargaining agreement is permitted to assert legal rights independent of that agreement[.]")(citations omitted).** Thus, the resolution of these claims do not require interpretation of a collective bargaining agreement and Plaintiff's claims are, therefore, not completely preempted by Section 301. ***See Varnum v. Nu-Car Carriers, Inc.*, 804 F.2d 638, 640 (11th Cir. 1986) (holding that alleged misrepresentations regarding seniority did not give rise to complete preemption because they were independent of a collective bargaining agreement);** *Anderson v. Ford Motor Co.*, **803 F.2d 953, 957-59 (8th Cir. 1986) (representations regarding layoffs);** *Paradis v. United Techs., Pratt & Whitney Div.*, **672 F. Supp. 67, 70 (D. Conn. 1986) (representations regarding termination);** *Miller v. Fairchild Indus., Inc.*, **668 F. Supp. 461, 465-66 (D. Md. 1987) (representations regarding job security)**. Therefore, Plaintiff's common-law claims based on alleged misrepresentations are not completely preempted by Section 301.

## IV. Conclusion

Accordingly, the Court is obligated to remand this case to state court,

---

[2] Plaintiff alleges in her complaint that the Union refused to represent her because Defendant had failed to pay union dues and Defendant further falsely represented to Plaintiff that she was a union laborer. Plaintiff alleges that Defendant failed to arrange for her inclusion in the union representation. Further Plaintiff alleges that Defendants fired her on false grounds, claiming that Defendants had no work for her, but in reality Defendants fired her in order to obtain cheaper labor. Plaintiff further alleges that Defendants falsely represented that Plaintiff voluntarily terminated her employment which prevented her from seeking unemployment benefits.

pursuant to **28 U.S.C. § 1447(c)**. The Court hereby **REMANDS** this case back to the Circuit Court of the Twentieth Judicial Circuit of St. Clair County, Illinois.

**IT IS SO ORDERED.**

Signed this 5th day of August, 2009.

/s/     *David R Herndon*
**Chief Judge**
**United States District Court**